UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARCUS MYERS, | ) |
| Plaintiff, | ) |
| v. | ) 13-CV-3285 |
| TERRY WILLIAMS, et al., | ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Menard Correctional Center, pursues claims arising from alleged excessive force during Plaintiff's incarceration in Western Illinois Correctional Center in June 2013. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." To state a claim, the allegations must set

1

forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>EEOC v. Concentra Health Serv., Inc.</u>, 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)(add'l citation omitted)).

## ANALYSIS

On or about June 30, 2013, Plaintiff was in the chow line at Western Illinois Correctional Center, talking about a movie with other inmates. Plaintiff remarked, "I would like to have sex with her." Correctional Officer Harrison overheard the remark and allegedly thought Plaintiff was talking about Officer Harrison, but Plaintiff was actually talking about an actress in the movie, not Officer Harrison.

Later that day, Officer Harrison, Officer Wade, and an unknown Sergeant came to Plaintiff's cell and took Plaintiff to segregation, allegedly telling Plaintiff, "This is what we do to niggers." (Compl. p. 8.) Officers Smith and Grame joined the scene and allegedly proceeded to slam Plaintiff's face in the wall, knee him

in the ribs, and bend Plaintiff's hands back so hard that Plaintiff lost sensation in his hands for 20 minutes, all the while hurling racial epithets at Plaintiff.

"The Eighth Amendment bars prison officials from using excessive force against inmates. Excessive force in this context means the 'unnecessary and wanton infliction of pain,' which is force applied 'maliciously and sadistically for the very purpose of causing harm' rather than force applied in a 'good faith effort to maintain or restore discipline.'" Sanchez v. City of Chicago, 700 F.3d 919, 927 n. 3 (7th Cir. 2012) (quoted and other cite omitted). Relevant factors in this determination include the need for the force and the amount of force used in relation to that need. Rice el rel. Rice v. Correctional Medical Services, 675 F.3d 650, 667-68 (7th Cir. 2012).

The allegations allow a plausible inference that Defendants Harrison, Wade, Smith, Grame, and the unknown sergeant either used excessive force on Plaintiff, caused excessive force to be used on Plaintiff, or failed to intervene to prevent excessive force being used on Plaintiff.

Also, a plausible inference arises that Defendants' actions were motivated by racial animus, which states an arguable equal protection claim. Racially derogatory remarks alone do not violate the Constitution, but treating a prisoner adversely because of his race does. *See* Whren v. United States, 517 U.S. 806, 813 (1996)("[T]he Constitution prohibits selective enforcement of the law based on considerations such as race . . . .").

However, Plaintiff states no plausible claim for relief against Warden Williams. Warden Williams cannot be held liable for the constitutional violations of his employees solely because Williams is in charge. Plaintiff's allegations allow no inference that Williams was involved in the excessive force in any way. Kuhn v. Goodlow, 678 F.3d 552. 556 (7th Cir. 2012)("'An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.'")(quoted cite omitted); Matthews v. City of East St. Louis, 675 F.3d 703, 708 (7th Cir. 2012)("To show personal involvement, the supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'")(quoted cite omitted); Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior

4

liability under § 1983).  Warden Williams will therefore be dismissed.

Plaintiff is advised that the Court cannot serve the "unknown sergeant" until Plaintiff identifies the name of the sergeant.  If Plaintiff is unable to discover the name on his own and the name is not provided by Defense counsel, Plaintiff should send Defendants' counsel a discovery request seeking the name.  Failure to timely identify the unknown sergeant after Defendants have been served will result in dismissal of the unknown sergeant.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following constitutional claims:  1) Defendants Harrison, Wade, Smith, Grame, and an unknown sergeant either used excessive force on Plaintiff, caused excessive force to be used on Plaintiff, or failed to intervene to prevent excessive force being used on Plaintiff in violation of Plaintiff's Eighth Amendment rights; and 2) the actions of Defendants Harrison, Wade, Smith, Grame, and an unknown sergeant were taken because of Plaintiff's race in violation of Plaintiff's equal protection rights.  This case proceeds solely on the

claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2)    Defendant Williams is dismissed.

    3)    On a separate matter, Plaintiff's motion for counsel (d/e 2) is denied with leave to renew after he demonstrates reasonable efforts to find an attorney on his own.  Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).  Typically, a plaintiff makes this showing by writing to several different law firms and attaching the responses to the motion for appointment of counsel.  When Plaintiff filed his motion, the prison was on lock down and Plaintiff was unable to obtain attorney addresses.  If Plaintiff is still unable to obtain attorney addresses, he may renew his motion for counsel stating so.  If Plaintiff renews his motion for counsel, Plaintiff should set forth any jobs he has had inside or outside the prison and his litigation experience in state and federal court.

    4)    Plaintiff's motion for subpoenas is denied as premature (d/e 3).  When discovery deadlines are set, the Court will direct the production of some relevant documents.  If Plaintiff seeks additional

documents or information from Defendants he may mail interrogatories and document requests to Defendants' counsel. Subpoenas are necessary only to compel information from a nonparty.

5) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

6) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**: 1) **ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND, 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT**

**WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTERED: 10/22/2013

FOR THE COURT:

                                  s/ Sue E. Myerscough
                                  SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE